# Appeal of Edward M. Yard et al.

## Appeal of Anna R. Aspinwall.

D. was the agent of A. to collect rents and interest, and pay taxes, etc., but had no power of attorney to assign or convey any part of the principal of the estate. He was also guardian of Y. At a time when he was largely indebted to both A. and Y., he conveyed from himself as agent of A. to himself as guardian of Y. a bond and mortgage belonging to A. The court below in an interpleader between A. and Y. to determine the ownership of the bond and mortgage, awarded them to A. but imposed upon A. half of the costs. *Held*, that the ownership of the bond and mortgage was in A., but that it was error to impose upon her half of the costs.

(Argued November 11, 1887. Decided January 3, 1888.)

October Term, 1887, Nos. 185, 215, W. D., before GORDON, Ch. J., PAXSON, STERRETT, and WILLIAMS, JJ. Appeals from a decree of the Common Pleas No. 1 of Allegheny County on a bill of interpleader. Affirmed, except as to costs.

Bill in equity by Benjamin Rush Bradford, to compel E. M. Yard, James B. Breese, and his wife, Josephine O. Breese (formerly Josephine O. Yard), on the one part to interplead with Anna R. Aspinwall on the other part, to determine to whom should be paid a certain bond and warrant.

The case was referred to David D. Bruce, Esq., as master, who reported as follows:

The contention in the case is between E. M. Yard, James B. Breese, and his wife, Josephine O. Breese, on the one part, and Anna R. Aspinwall on the other, the bill having been filed by the plaintiff, Benjamin Rush Bradford, to compel those parties to interplead in order that it might be determined to whom he should pay the debt of a certain bond and mortgage which he had given on the 18th day of December, 1855, to William H.

NOTE.—An agent who acts beyond the authority conferred in assigning a mortgage can confer no title, though the assignee is innocent. Googe v. Gaskill, 18 Pa. Super. Ct. 39; Montgomery v. Pittsburgh Lodge, No. 336, I. O. O. F. 31 Pittsb. L. J. N. S. 295.

Denny, agent of Anna R. Aspinwall, and which bond on the 17th day of June, 1860, had been assigned to H. B. Wilkins, guardian of Josephine O. Yard, by indorsement thereon by A. R. Aspinwall, by her attorney in fact, H. B. Wilkins, and by further indorsement, on the 4th day of February, 1874, was assigned to Edward M. Yard and Josephine O. Yard by H. B. Wilkins, guardian of J. O. Yard.

At the time the mortgage was given, B. R. Bradford, the mortgagor, was a resident of New Brighton, in Beaver county. Mrs. Aspinwall was a wealthy lady living part of her time in Allegheny county, and having large properties therein, and W. H. Denny, a resident of Pittsburgh, Pa., was her agent.

The obligee in both is "William H. Denny, agent of Anna R. Aspinwall." William H. Denny died in the month of May, 1863.

H. B. Wilkins, a member of the bar of Allegheny county, was the son-in-law of William H. Denny, and among the papers of his father-in-law that came into his hands after Mr. Denny's death were the bond and mortgage in controversy.

In the year 1856, Mr. Wilkins had been appointed guardian of said defendant, Josephine O. Yard, then a minor, her father, Edward M. Yard, having a life estate in property which she inherited.

H. B. Wilkins got possession of the bond and mortgage from the Merchants & Mechanics Bank of Pittsburgh, with other papers of W. H. Denny, shortly after Denny's death.

W. H. Denny in his lifetime had been the agent of Mrs. Anna R. Aspinwall in Allegheny county, collecting her rents, paying taxes, attending to her estates, and making investments for her of her moneys; and after his death Mrs. Aspinwall requested H. B. Wilkins to take possession of her papers that Denny had left and to act as her agent in the place of Denny, and to act in all her affairs as he (Denny) had been doing, and Wilkins then continued to act as her agent from May, 1863, until the fall of 1874, during which whole period Mrs. Aspinwall resided in Scotland or abroad, Mr. Wilkins never having seen her from 1863 up to the time of his testifying in this case.

During the period of his agency Mr. Wilkins paid taxes, collected rents and made investments, as Denny had done during his agency.

On the 17th day of July, 1870, H. B. Wilkins, then acting as

agent of Anna R. Aspinwall, and then being the guardian of Josephine O. Yard, and also having in his possession the bond and mortgage in controversy, had an interview at his office with Edward M. Yard, in which he stated to Yard that the balance of his (Yard's) daughter's estate was increasing, and added: "I think we had better make an investment; I can offer you an excellent bond and mortgage for $3,000 of B. R. Bradford, held by me for Mrs. Aspinwall."

Mr. Yard readily assented to the investment, as he was personally intimate with Mr. Bradford, and thereupon the following entry was made on the back of the bond:

For value received I hereby assign the within bond and accompanying mortgage to H. B. Wilkins, guardian of Josephine O. Yard.

Witness my hand and seal this 17th day of June, A. D. 1870.

A. R. Aspinwall. [Seal.]
By her attorney in fact,
H. B. Wilkins. [Seal.]

And the bond and mortgage was then placed by Wilkins in a package of securities belonging to the Yard estate.

Afterwards, on the 4th day of February, 1874, when Josephine O. Yard came of age, the following additional entry was indorsed on the bond, viz.:

For value received I, H. B. Wilkins, guardian, etc., do hereby assign, transfer, and set over unto Edward M. Yard and Josephine O. Yard, their heirs, and assigns, the within bond, on which is due the sum of $3,000, with interest from November 15, 1873.

Witness my hand and seal this 4th day of February, A. D. 1874.

Witness,                              H. B. Wilkins. [Seal.]
James A. McKean, Guardian of J. O. Yard.

Neither assignment was made upon the mortgage.

As Wilkins was the agent for Mrs. Aspinwall, collecting and remitting money to her, it is to be presumed that any payment of interest made to him by the obligor during the time he acted

as her agent, would be entitled to be credited on the bond, at least up to the time of the assignment by himself as attorney in fact for Mrs. Aspinwall, to himself as the guardian of Josephine O. Yard, to wit, the 17th day of June, 1870.

H. B. Wilkins kept the accounts, both of the Yard estate as guardian, and of Mrs. Aspinwall as her agent, with the Exchange National Bank of Pittsburgh, in his own name—he had no separate account for each. At the time he made the assignment of the bond, to wit, June 17, 1870, he had on deposit to his credit in the bank only the sum of $332.99; at that date he owed to Josephine O. Yard's estate the sum of $2,709.89, as appeared by his own books of account which were produced in evidence.

It also appeared by his books that at the date of said assignment, June 17, 1870, he was indebted, exclusive of the bond and mortgage in this case, to Mrs. Aspinwall in the sum of $19,278.-31, and that his indebtedness to Mrs. Aspinwall continually increased after that date until it amounted to several hundred thousand dollars.

It appears therefore from the testimony and the master so finds:

First, that although H. B. Wilkins was the agent to take care of the estate of Mrs. Aspinwall, and had charge of the receiving of rents, the payment of taxes, and the remitting to her of moneys coming to her out of her estate, yet he had no power of attorney or authority from her to part with any portion of her estate; and more especially he had no power to satisfy any mortgage of record or to assign the same.

Second, that on the 17th day of June, 1870, he did not have money in his hands or possession belonging to the estate of Josephine O. Yard sufficient in amount to purchase the bond and mortgage in controversy, even if he had authority to sell the same, and that no money passed at the time of the assignment to the Yards, or to Wilkins as guardian.

Third, that the bond and mortgage in controversy was taken by W. H. Denny as an investment for Mrs. Aspinwall; and his duty was to protect and retain the same, by retaining and holding the lien which it had on real estate for her benefit.

Fourth, that neither E. M. Yard nor Josephine O. Yard, now Breese, nor her husband, acquired any ownership in, or title to, the said bond and mortgage, by virtue of either of the said assignments made on said bond.

It appears in the evidence that Wilkins, on the 1st day of October, 1873, rendered an account to Mr. Burgwin, the then attorney for Mrs. Aspinwall, and by that account he gave credit to her, as of the 17th day of June, 1870, of $3,000, the principal of said bond and mortgage, and interest to that date of $105, making $3,105. By this account a balance in her favor is shown amounting to the sum of $63,807.56.

There is no evidence of any acceptance of said account by her, and there is no evidence that she ever had any knowledge of the assignment of the said bond and mortgage, nor is it alleged in the bill of plaintiff.

The master, therefore, recommends that a decree be made that the said obligor, Benjamin Rush Bradford, pay to the said obligee, Anna R. Aspinwall, the principal sum of said bond and mortgage, with interest thereon from June 17, 1870, and that the costs of this case be paid equally by the said plaintiff, Benjamin Rush Bradford, and the said defendants, E. M. Yard and James B. Breese, and Josephine O. Breese, his wife, and submits herewith a form of decree in accordance therewith.

The court dismissed exceptions filed to the master's report, and entered the following decree:

And now, July 16, 1887, this case came on to be heard, etc.; whereupon, it is ordered, decreed, and adjudged that Anna R. Aspinwall is the proper legal owner of the mortgage and bond mentioned in § 1 of plaintiff's bill, and it is further ordered, etc., that said plaintiff forthwith pay to said Anna R. Aspinwall the full amount he declares to be due and payable under said bond and mortgage, to wit, the principal sum thereof, with interest from November 1, 1882, to the present date, and that upon the payment thereof said plaintiff shall be forever discharged from all liability to any person whatever arising by or through said bond and mortgage, or either of them, to that extent.

It is also further ordered, etc., that the said Edward M. Yard, James B. Breese, and Josephine O. Yard (Breese) pay one half of the costs of this case, and that Anna R. Aspinwall pay the other half, and that the master's fee be taxed as a part of said costs.

And it is further ordered, etc., that this decree shall not prejudice the right of said Anna R. Aspinwall to maintain an action on said mortgage and bond, or either of them, against said

plaintiff, to recover such sum for interest which accrued between June 17, 1870, and said November 1, 1882, as may appear to be due and payable by him according to law.

The assignments of error of Yard *et al.* specified the action of the court in entering the decree as above.

The assignment of error of Anna R. Aspinwall specified that portion of the decree which imposed upon her the payment of one half of the costs.

*H. & G. C. Burgwin,* for appellants, Yard *et al.*—W. H. Denny negotiated the loan to Bradford, and retained possession of the security; he, therefore, had during his lifetime authority to receive both principal and interest. Story, Agency, § 104; Whitlock v. Walthan, 1 Salk. 157; Haines v. Pohlmann, 25 N. J. Eq. 179; Williams v. Walker, 2 Sandf. Ch. 325; 5 Sandf. 376; Hatfield v. Reynolds, 34 Barb. 612.

If Wilkins had authority to act for Mrs. Aspinwall "in all her affairs as he (Denny) had been doing," and was permitted to retain possession of the bond, payment thereof to Wilkins was good.

Mrs. Aspinwall is estopped from denying Wilkins' authority to make the assignment as her agent. Evans, Principal & Agent, p. 201, 203; Summers v. Solomon, 26 L. J. Q. B. N. S. 301.

If one of two innocent parties must suffer by the fraud or default of another, it should be he who put it in the power of the third person so to deceive or defraud.

Mrs. Aspinwall allowed this bond to remain in Wilkins' possession eleven years, and in the possession of the Yards ten years before she makes this claim to be the owner.

She stood by and permitted the Yards to release Wilkins, at a time when they could have recovered from him the amount of the bond.

She took security from him for the amount of it, and now when, for reasons not appearing, she fails to realize on the security, she tries to recover from the Yards.

*George W. Guthrie,* for Mrs. Anna R. Aspinwall.—Cited Dan. Neg. Inst. § 282; Byles, Bills, *p. 34; Yard's Appeal, 26 Pittsb. L. J. 42. See Shafer v. Linnard, 42 Phila. Leg. Int.

192; Central Nat. Bank v. Connecticut Mut. L. Ins. Co. 104 U. S. 54, 26 L. ed. 693; United States v. State Nat. Bank, 96 U. S. 30, 24 L. ed. 647, and Skinner v. Merchants' Bank, 4 Allen, 290.

The master found, and the court below sustained his finding that the bond and mortgage in controversy belonged to Mrs. Anna R. Aspinwall and had been assigned to the Yards, by Wilkins, without any authority from her, and that no consideration was given for the assignment.

The court, however, while entering a decree that the bond and mortgage belonged to her, and that the money thereby secured should be paid to her, ordered her to pay one half the costs, without assigning any reason for so doing.

While it is true that costs in equity proceedings are largely in the discretion of the court, it must be a reasonable and not an arbitrary discretion. If they are withheld from the successful party in a case where he seems to be entitled to them, some sufficient reason for such action ought to be made apparent to us. Biddle v. Tomlinson, 5 Sad. Rep. 288.

In this case the bond and mortgage unquestionably belonged to Mrs. Aspinwall, and bore upon their face the ear marks of her ownership. They were claimed by the Yards, and the master and court found that their claim could not be sustained.

This litigation and all the costs following it was occasioned by this unfounded and unjust claim made by them for their own benefit and persisted in to the last, and could not have been avoided by Mrs. Aspinwall unless she had abandoned a claim to the property which has been decided to belong to her.

Under such circumstances the costs should be put upon the wrong claimants and not upon Mrs. Aspinwall, who has already been put to great delay and expense in defending her property from an unjust claim.

Per Curiam:

The mortgage in question did undoubtedly belong to Mrs. Anna R. Aspinwall, and the court properly so decreed. We cannot, however, agree that any part of the costs should have been imposed on her, since she did nothing more than defend her own right when she was compelled so to do by the interference of others who had no right to the property in controversy.

The decree is affirmed, except as to costs; and it is ordered

that the costs of the appeal first above stated be paid by the ap-
.pellants.

In the case of Mrs. Anna R. Aspinwall's Appeal the decree,
or that part of it which relates to the costs, is reversed, and or-
dered that it be amended as follows: It is ordered that the said
Edward M. Yard, James B. Breese, and Josephine O. Yard
(Breese) pay all the costs of this case, including the master's
fee. Ordered further, that the appellees pay the costs of this
appeal.